1  Stephanie Hamilton Borchers #192172
   Marcus N. DiBuduo #258684
2  Sydney A. Smith #298092
   DOWLING AARON INCORPORATED
3  8080 North Palm Avenue, Third Floor
   P.O. Box 28902
4  Fresno, California 93729-8902
   Tel: (559) 432-4500
5  Fax: (559) 432-4590
   sborchers@dowlingaaron.com
6  mdibuduo@dowlingaaron.com
   ssmith@dowlingaaron.com
7
8  Attorneys for Plaintiff NORTHERN CENTRAL DISTRIBUTING, INC.

9

10                 UNITED STATES DISTRICT COURT

11                EASTERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| NORTHERN CENTRAL DISTRIBUTING, INC., a California Corporation, dba YOSEMITE HOME DÉCOR;<br><br>                    Plaintiff,<br><br>v.<br><br>ROCKIE BOGENSCHUTZ, an individual; ROCKIE'S CONTAINERS, LLC, a California limited liability company, dba Y-DÉCOR and YOSEMITE DÉCOR;<br><br>                    Defendant. | Case No.:<br><br>**COMPLAINT FOR: (1) COPYRIGHT INFRINGEMENT; (2) VICARIOUS COPYRIGHT INFRINGEMENT; (3) UNFAIR COMPETITION; (4) FALSE DESIGNATION OF ORIGIN; (5) COMMON LAW TRADEMARK INFRINGEMENT; (6) UNFAIR BUSINESS COMPETITION; (7) INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff NORTHERN CENTRAL DISTRIBUTING, INC., a California corporation, ("Plaintiff") alleges as follows:

### JURISDICTION

1.      This Court has original jurisdiction over Plaintiff's claims under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051 *et seq* pursuant to 28 U.S.C. §§ 1121, 1331, and 1338(a).  This Court has original jurisdiction over Plaintiff's unfair competition claim because it is substantial and related to Plaintiff's copyright and trademark claims pursuant to 28 U.S.C. §§ 1138(b).  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a) because they are so related to Plaintiff's copyright infringement and trademark claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      This Court has personal jurisdiction over Defendants ROCKIE BOGENSCHUTZ ("Bogenschutz") and ROCKIE'S CONTAINERS, LLC, a California limited liability company, dba Y-DÉCOR and YOSEMITE DÉCOR ("RC" and together with Bogenschutz, the "Defendants") because Plaintiff is informed and believes, and thereon alleges, that Bogenschutz resides in Fresno, California, and RC is a limited liability company organized under the laws of the State of California with its principal place of business in Fresno, California.  Defendants reside and operate in this District, their primary place of business is in this District, and they are advertising and selling products under infringing marks in this District, among other places.  Defendants' acts as described herein have occurred in and been directed to this State and this District, thus Defendants should reasonably anticipate being haled into court in this State and in this District.

3.      Venue in this District is proper pursuant to 28 U.S.C. §1391(b) and 28 U.S.C. § 1400(a) because Bogenschutz resides in this District, RC maintains its principal place of business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

*///*

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

**PARTIES**

4.     Plaintiff is a California corporation with its principal place of business located in Fresno, California.

5.     Defendant Bogenschutz is an individual who Plaintiff is informed and believes resides in Fresno, California.

6.     Defendant RC is a limited liability company organized under the laws of the State of California with its principal place of business in Fresno, California.   Plaintiff is informed and believes, and thereon alleges, that Bogenschutz is a member and the sole manager of RC.  Since in or about March 2016, RC has maintained fictitious business name filings in Fresno County, California, for the names Y-Décor and Yosemite Décor.

7.     Plaintiff is informed and believes, and thereon alleges, that, at all times mentioned herein, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the things alleged herein, was acting within the course and scope of such agency and/or employment.

**GENERAL ALLEGATIONS**

*The History Between Plaintiff and Defendants*

8.     Plaintiff brings this action to protect the substantial good will that it has developed over the past several decades and to stop Defendants from unfairly interfering with and capitalizing on Plaintiff's goodwill.  Plaintiff is a home fixture supplier doing business as Yosemite Home Décor since 2005.   Plaintiff sells various home décor items, including furniture, lighting, artwork, and other home fixtures to private and commercial customers in stores and online, and has gained a reputation as being a source of high quality home fixtures.

9.     Plaintiff was initially formed in 1986 by Farid Assemi, Farshid Assemi, Darius Assemi and Bogenschutz, with Bogenschutz as a shareholder and director.   Over time, Plaintiff has established itself in the industry as reliably providing quality product at competitive prices and as a reputable and reliable leader in the industry; Plaintiff's customers seek out and return to purchase from Plaintiff because of its goodwill and reputation in the industry.

10. Defendants are also home fixture suppliers who sell the same or substantially similar products as Plaintiff. Plaintiff is informed and believes, and thereon alleges, that Bogenschutz established RC on or about October 19, 2015, in order to compete with Plaintiff in the home décor supply industry after the parties' relationship began to deteriorate.

11. In or about January 2016, as part of a settlement agreement, Bogenschutz sold his shares in the business and agreed not to compete with Plaintiff using the name "Yosemite."

12. Though mostly unknown to Plaintiff until recently, Defendants subsequently engaged in a barrage of wrongful activity, more specifically set forth below, designed to confuse consumers in the marketplace and to capitalize on Plaintiff's good will and reputation in order to sell Defendants' competing goods.

**Defendants' Bad Acts And Intent to Unfairly Compete:**

***Defendants' Unlawful Use of "Yosemite"***

13. Despite the agreement not to compete under the Yosemite name, Defendant has been using the Yosemite name to compete with Plaintiff. After the parties entered the agreement, Plaintiff discovered that Defendants were causing substantial confusion among Plaintiff's customers, suppliers, and others in the industry who believe Defendants represent Plaintiff's business, or are otherwise affiliated with Plaintiff, due to Defendants' continued use of the name Yosemite.

14. These acts and similar conduct regarding Defendants' use of the name "Yosemite" are subject to resolution before the Hon. Howard Broadman (Ret.) and Plaintiff does not seek relief in this Court for these specific acts, but they illustrate Defendants' bad faith and an overall business plan that is apparently specifically designed to unfairly compete with Plaintiff. For example:

a. Defendants have advertised their competing home fixture business under the name "Yosemite Décor." Specifically, Bogenschutz posted an advertisement seeking a warehouse manager for "Yosemite Décor . . . a wholesale

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

manufacturing/distributor . . . [that] import[s] furniture, lighting, bathroom vanities, sinks, faucets, artwork and other various home décor items that are sold to stores and online."

b.      Since in or about March 2016, RC has maintained fictitious business name filings in Fresno County, California, for the names Y-Décor and Yosemite Décor.    True and correct copy of RC's fictitious business name filings with the County of Fresno are attached hereto as **Exhibit A** and incorporated herein by reference.

c.      On July 18, 2016, Plaintiff received notice of a final invoice from a manufacturer based in India.  The notice insisted on payment of more than $11,000.00 for product Plaintiff had never purchased, and the consignee on the paperwork was shown as Yosemite Décor, one of Defendants' fictitious business names.  Plaintiff is informed and believes the manufacturer directed the notice of final invoice to Plaintiff and not Defendants due to confusion caused by Defendants' use of the name Yosemite.

d.      In August of 2016, Plaintiff was contacted by a product retailer who, prior to Bogenschutz's departure, was one of Plaintiff's largest customers.  The product retailer had purchased a light kit for a light fixture and the glass had arrived broken.  The product retailer was requesting replacement, but Plaintiff determined that the product had been purchased from Defendants.  Plaintiff is informed and believes, and thereon alleges, that the product retailer was confused by Defendants' use of the name "Yosemite" as the vendor on the purchase order, causing the product retailer to contact Plaintiff even though the product had been purchased from Defendants.

e.      In July of 2017, Plaintiff discovered that one of its chandeliers was available on its Amazon.com storefront as well as on a separate Amazon.com storefront purportedly belonging to a company called Deluxe Lamp.  The Deluxe Lamp storefront was advertising the chandelier as a Yosemite Home Décor product, but Plaintiff has no association with Deluxe Lamp.  In July of 2017, a customer purchased the chandelier advertised as a Yosemite Home Décor product from the Deluxe Lamp storefront, and it arrived in Defendants' packaging.  The customer contacted Deluxe Lamp through Amazon.com to confirm whether the correct product had been shipped, and specifically asked whether the product that had

DOWLING|AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

1  arrived in Defendants' packaging was actually Plaintiff's product.  Deluxe Lamp responded

2  and stated: "Yes. It is the same item."  Plaintiff is informed and believes, and thereon alleges,

3  that Defendants operate Deluxe Lamp and purposefully divert customers looking for Yosemite

4  Home Décor products and to sell them Defendants' products instead.

5          f.      In July of 2017, Plaintiff additionally became aware that

6  Defendants were continuing to use shipping containers using the name Yosemite Décor.

7          g.      In August of 2017, Plaintiff was contacted by a customer who

8  had purchased a fireplace from Defendants on Overstock.com in November of 2016 that

9  subsequently "blew up."  Plaintiff is informed and believes and thereon alleges that Defendants

10 told the customer that they were "partnered" with Plaintiff when she contacted Defendants

11 regarding the explosion.  The bill of lading that the customer received stated it had been sold by

12 Yosemite Décor.

13         h.      Searches performed on Overstock.com for Yosemite Décor

14 product have led consumers to Defendants' products, but not Plaintiff's products, appearing in

15 the search results.  Plaintiff is informed and believes, and thereon alleges, that Defendants have

16 manipulated the search function on Overstock.com to divert customers looking for Plaintiff's

17 products and provide them with Defendants' products by using the name Yosemite in their

18 search terms.

19 ***Defendants' Bad Acts in Addition to the Continued Use of "Yosemite"***

20         15.     Following Bogenschutz' departure in January of 2016, Plaintiff is

21 informed and believes and thereon alleges that Defendants have also engaged in a pattern of

22 unlawful, fraudulent, unfair, and infringing acts separate and apart from their unlawful use of

23 the name Yosemite in their competing business.  Plaintiff was aware of isolated incidents of

24 confusion prior to the fall of 2017, but consumer confusion and the apparent intentional

25 attempts to divert Plaintiff's customers to buy from Defendant has recently escalated

26 substantially.

27         16.     Plaintiffs are informed and believe and thereon allege that Defendants

28 have engaged in these acts in order to unlawfully compete with Plaintiff and cause damage to

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

Plaintiff's business, including its goodwill, reputation, and market share. Defendants' acts as described herein have caused Plaintiff substantial and irreparable damage, including damage to Plaintiff's reputation, goodwill, and market share.

### Defendants' Unauthorized Access of Trade Secret Purchasing and Financial Information

17. Additional acts by Defendants to unfairly compete with Plaintiff include the unauthorized access of Plaintiff's proprietary and trade secret purchasing and financial information. Plaintiff is informed and believes, and thereon alleges, that Bogenschutz and/or his employees and agents, acting on behalf of RC, repeatedly accessed Plaintiff's internal portal which is used to monitor its inventory and contains a variety of confidential and privileged information, including financial and purchasing pattern information.

18. This access occurred without Plaintiff's permission after Bogenschutz was no longer a shareholder of, employed by, or otherwise associated with Plaintiff, and was discovered in or about March of 2016. Plaintiff is informed and believes, and thereon alleges, that Bogenschutz or his agents and employees, or both, accessed Plaintiff's internal portal by using Plaintiff's employee's login credentials which were known to Bogenschutz by virtue of his prior involvement in and knowledge of Plaintiff's business.

### Defendants' Intentional Interference With Customers Viewing Plaintiff's Product

19. In another instance of unfair and bad faith acts, in early 2016 Plaintiff participated in an annual product show in Las Vegas, Nevada. This Las Vegas, Nevada, annual product show is one of the largest and most popular in the home décor industry because it provides retailers an opportunity to view and order new products for the upcoming year.

20. Plaintiff has historically maintained a showroom in what is referred to as the "Las Vegas Market" which is only open during this annual product show. Plaintiff is informed and believes, and thereon alleges, that Defendants purposefully rented space directly next to Plaintiff's showroom at the Las Vegas, Nevada, annual product show in 2016 in order to divert Plaintiff's customers from Plaintiff to Defendants by using Plaintiff's employee to show customers Plaintiff's showroom product, but then walk customers over to Defendants'

DOWLING|AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

space in order to purchase the product.  These customers included customers who had previously done business with Plaintiff, as well as potential new customers.

### *Defendants' Intentional, Misleading Use of Plaintiff's Unique SKU Numbers*

21.     Additionally, beginning in early 2016, Plaintiff began to discover isolated instances of Defendants using Plaintiff's unique stock-keeping unit ("SKU") numbers to sell home fixture goods and product.  In the lighting and home décor retail industry, the unique SKUs that a supplier such as Plaintiff assigns to its products are the primary way that commercial customers identify Plaintiff's products for purchase.

22.     When used to sell product through the internet, the unique SKU numbers are also associated with "copy" or "content" which identifies the key words and other information which directs the search engines what searches should direct a customer to Plaintiff's product.  The majority of Plaintiff's customer base consists of commercial customers who identify Plaintiff's product with Plaintiff's SKU, which makes the use of unique SKU identifiers essential to Plaintiff's success in the market.

23.     The SKU is unique to Plaintiff's product and is generally assigned to the product from the factory; if Defendants are selling the same product, Defendants would have received *their own* SKU from the factory.  The only reason Defendants would have to copy and use Plaintiff's SKU would be to unfairly divert and confuse customers from Plaintiff's product to Defendant's product.   Plaintiff is informed and believes, and thereon alleges, that Defendants' use of Plaintiff's unique SKUs was intentionally designed to confuse customers who were searching for Plaintiff's products by SKU in order to divert business from Plaintiff and to Defendants.

24.     Plaintiff has used distinctive SKU numbers for its products in interstate commerce continuously since approximately 2005.  Plaintiff has invested substantial time, effort, and financial resources promoting its distinctive SKU numbers and photographs in connection with the marketing and sale of its goods in interstate commerce.  The unique SKU numbers Plaintiff uses to identify its products have become, through widespread use and recognition among the industry to identify Plaintiff's home décor products, an asset of

substantial value as a symbol of Plaintiff, its quality products, and its good will.   The consuming public, particularly commercial customers, recognize Plaintiff's distinctive SKU numbers and associate them with Plaintiff.

25.   Notwithstanding Plaintiff's established rights in its unique SKU numbers, on information and belief, Defendants have adopted and used SKU numbers confusingly similar or the same as Plaintiff's SKU numbers in interstate commerce in connection with the sale and offering for sale of home décor products from at least in or about April of 2016 through the present.  Plaintiff is further informed and believes that Defendants' use of Plaintiff's unique SKU numbers, or confusingly similar SKUs, has resulted in confusion in the marketplace, including among Plaintiff's customers and suppliers.  Examples include, but are not limited to:

a.   In or about April of 2016, Plaintiffs were advertising for sale online a painting of a colorful stuffed dog with the SKU "ARTAB2980-REV1".  In a search, Plaintiff discovered that Defendant was using the identical SKU to sell the identical painting online.

b.   In or about May of 2016, Defendants used Plaintiff's unique SKU for a faucet to identify and advertise an identical faucet for a lower price on Wayfair.com.

c.   On May 31, 2016, Plaintiff received a shipment of light fixtures from a supplier which included product in Defendants' packaging.  Plaintiff's unique SKU was printed on the outside of the cardboard box containing Defendants' products, with a piece of tape applied to obscure the first digit.  Plaintiff is informed and believes that Defendants' use of Plaintiff's unique SKU on its boxes was intended to and did cause confusion in the marketplace as it resulted in Defendants' products being inadvertently delivered to Plaintiff.

d.   In August of 2016, Plaintiff received shipping labels from a third party which were intended to be sold to Defendants.  The sender confirmed that they had mistakenly been sent to Plaintiff due to confusion caused by the substantial similarity between the SKU numbers that Defendants were using for their products and Plaintiff's preexisting unique SKU numbers.

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

e.      In or about November of 2016, Defendants used Plaintiff's unique SKU for a bathroom faucet to identify and advertise a substantially similar faucet at Home Depot.

f.      In early 2017, Defendants used Plaintiff's unique SKU for an exterior light to identify and advertise an identical light fixture on Overstock.com.

g.      In early 2017, Defendants used Plaintiff's unique SKU for a widespread tub faucet to identify and advertise an identical widespread tub faucet on Amazon.com.

26.     Plaintiff is informed and believes and thereon alleges that Defendants are using Plaintiff's SKUs to sell Defendants' product because Defendants are aware that by doing so consumers will be diverted from Plaintiff to Defendants, and if Defendants underprice Defendants' product it will cause havoc in the market place and create ill will against Plaintiff by distributors or other retailers of Plaintiff's product who cannot make a profit competing with Defendants' pricing.    Plaintiff believes Defendants' only motive for operating at a loss on certain products would be to disrupt Plaintiff's business.

### *Defendants' Intentional Infringement of Plaintiff's Copyrighted Photographs*

27.     Additionally, Plaintiff has expended significant efforts and resources in developing original advertising and marketing material.   Among other things, Plaintiff and Plaintiff's agents were involved in the creation of original photographs of Plaintiff's products and the publication of such photographs through Plaintiff's online sales channels, and other marketing and advertising material.

28.     Plaintiff's original photographs were designed to be unique and differentiate Plaintiff's products from others in the marketplace so that Plaintiff's products would be more attractive to customers shopping online, would be easier to distinguish and locate, and would increase sales.

29.     Plaintiff and Plaintiff's agents were also involved in the creation and publication of digital and print product catalogs, which incorporate Plaintiff's photographs. The photographs and catalogs are the subject to pending copyright applications as set forth

DOWLING | AARON
I N C O R P O R A T E D
ATTORNEYS AND COUNSELORS AT LAW

below:

      a.     In or about 2014, Plaintiff created several original photographs herein identified as: "YHD Fan ADALYN-BBN 1" and "YHD Fan ADALYN-CH 1" (hereinafter collectively referred to as the "2014 Photographs"). The 2014 Photographs were subsequently, and in or about 2014, published in electronic or digital form by Plaintiff. An application (Case No. 1- 5882364514) to register Plaintiff's copyrights in the 2014 Photographs was filed with the United States Copyright Office on October 5, 2017, and is currently pending.

      b.     In or about 2016, Plaintiff created several original photographs herein identified as: "YHD Chandelier 1261-9U-BN 1"; YHD Chandelier 1261-9U-BN 2"; "YHD Chandelier 1332-3SN 1"; "YHD Chandelier 1332-3SN 2"; "YHD Chandelier 1332-3SN 3"; and "YHD Chandelier 1332-3SN 4" (hereinafter collectively referred to as the "2016 Photographs, Group A"). The 2016 Photographs, Group A were subsequently, and in or about 2016, published in electronic or digital form by Plaintiff. An application (Case No. 1-5864247291) to register Plaintiff's copyrights in the 2016 Photographs, Group A was filed with the United States Copyright Office on September 30, 2017, and is currently pending.

      c.     In or about 2016, Plaintiff also created several original photographs herein identified as: "YHD Chandelier 1435-5DB 1"; and "YHD Chandelier 1435-5DB 2" (hereinafter collectively referred to as the "2016 Photographs, Group B"). The 2016 Photographs, Group B were subsequently, and in or about 2016, published in electronic or digital form by Plaintiff. An application (Case No. 1-5864247393) to register Plaintiff's copyrights in the 2016 Photographs, Group B was filed with the United States Copyright Office on September 30, 2017, and is currently pending.

      d.     In or about 2017, Plaintiff also created several original photographs herein identified as: "YHD Chandelier 1435-5SN 1"; "YHD Chandelier 1435-5SN 2"; "YHD Chandelier 1435-5SN 3"; "YHD Chandelier 1435-5SN 4"; "YHD Chandelier 94836-6VB 1"; "YHD Chandelier 94836-6VB 3"; "YHD Chandelier 94836-6VB 4"; "YHD Chandelier 94836-6VB 5"; "YHD Fan ADALYN-BBN 1"; "YHD Fan ADALYN-BBN 2"; "YHD Fan ADALYN-BBN 3"; "YHD Fan ADALYN-BBN 4"; "YHD Fan ADALYN-CH 2";

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

"YHD Fan ADALYN-CH 3"; "YHD Fan ADALYN-CH 4"; "YHD Chandelier SCFP2080-6RR 1"; "YHD Chandelier SCFP2080-6RR 2"; "YHD Chandelier SCFP2080-6RR 3"; and "YHD Chandelier SCFP2080-6RR 4" (hereinafter collectively referred to as the "2017 Photographs"). The 2017 Photographs were subsequently, and in or about 2017, published in electronic or digital form by Plaintiff.  An application (Case No. 1-5864247476) to register Plaintiff's copyrights in the 2017 Photographs was filed with the United States Copyright Office on September 30, 2017, and is currently pending.

        e.     In or about 2015, Plaintiff created an original product catalog (hereinafter referred to as the "2015 Catalog").  The 2015 Catalog was subsequently, in or about 2015, published in electronic or digital form by Plaintiff.  An application (Case No. 1-5864247582) to register Plaintiff's copyrights in the 2015 Catalog was filed with the United States Copyright Office on September 30, 2017, and is currently pending.

        f.     In or about 2017, Plaintiff created an original product catalog (hereinafter referred to as the "2017 Catalog").  The 2017 Catalog was subsequently, in or about 2015, published in electronic or digital form by Plaintiff.  An application (Case No. 1-5864247608) to register Plaintiff's copyrights in the 2017 Catalog was filed with the United States Copyright Office on September 30, 2017, and is currently pending.

        30.     Plaintiff is informed and believes, and thereon alleges, that from at least early 2017 through the present, Defendants have repeatedly copied each of the 2014 Photographs, the 2016 Photographs, Group A, the 2016 Photographs, Group B, the 2017 Photographs, other photographs and artwork in the 2015 Catalog or the 2017 Catalog, among other original photographs and works of authorship of Plaintiff, without permission or authorization from Plaintiff (hereinafter the "Infringed Works").  Plaintiff is informed and believes, and thereon alleges, that Defendants acted with an intent to infringe Plaintiff's copyrights in the Infringed Works by blatantly accessing or downloading the Infringed Works, without Plaintiff's authorization, either through Plaintiff's shop site, drop box, or Plaintiff's online sales postings, then using such Infringed Works to advertise and sell Defendants' competing products.  For example:

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

a.      In early 2017, Plaintiff conducted a search of one of its unique SKU numbers for an exterior light on Overstock.com and discovered a listing by Defendant that featured one of the Infringed Works (specifically, the Hazelnut Bronze Sconce).  Although Plaintiff was not selling this item on Overstock.com at the time, the photograph used by Defendant on Overstock.com was identical to the one that Plaintiff was using to advertise its product on Amazon.com.  Plaintiff is informed and believes that the Overstock.com listing was created by Defendants, and that Defendants unlawfully used the Photograph as well as Plaintiff's unique SKU to advertise Defendants' product.

b.      Approximately one month later, Plaintiff discovered that Defendants were using another one of the Infringed Works (specifically, the Widespread Faucet) to advertise a widespread tub faucet model on Amazon.com, and were using Plaintiff's unique SKU to identify the same product as Defendants' product.

c.      In addition to the foregoing, Defendants have wrongfully and unlawfully, and without Plaintiff's authorization, copied and used the Infringed Works to advertise Defendants' products on more than 30 occasions.  Plaintiff's investigation is still ongoing.  However, Plaintiff has uncovered that Defendants have unlawfully, and without Plaintiff's authorization, used certain of the 2014 Photographs, the 2016 Photographs, Group A, the 2016 Photographs, Group B, and the 2017 Photographs – each of which are subject of an application by Plaintiff to register Plaintiff's copyrights with the United States Copyright Office.  A listing is provided below of (i) the Infringed Work that Defendants have unlawfully used without Plaintiff's authorization together with a reference to an Exhibit attached to this complaint and incorporated herein, (ii) an exemplary listing of internet locations at which Plaintiff has published such Infringed Work, and (iii) an exemplary listing of internet locations at which Defendants have published copies of such Infringed Work.  Each Exhibit identifies and illustrates the referenced Infringed Work, examples of Plaintiff's publication of such Infringed Work, and examples of Defendants' publication of copies of such Infringed Work.

///

///

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

# 2014 Photographs

***YHD FAN ADALYN-BBN 1 (Exhibit 1)***

Plaintiff's Publication(s)

- 2015 Yosemite Home Décor Product Catalog

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/ceiling-fans-1/aislee-bn

- https://www.wayfair.com/Y-Decor-48-Aislee-3-Blade-Ceiling-Fan-with-Remote-YDCR1135.html

- https://www.amazon.com/Decor-AISLEE-BN-Ceiling-Brushed-Nickel/dp/B01FYH08YG/ref=sr_1_1?ie=UTF8&qid=1500330376&sr=8-1&keywords=AISLEE-BN

- https://www.overstock.com/Home-Garden/Y-Decor-AISLEE-3-Blade-Ceiling-Fan-in-Brushed-Nickel/16823431/product.html?refccid=LVDBDEJQCWCZ2G2MGDMBL6PYGQ&searchidx=0&keywords=AISLEE-BN&refinement

***YHD FAN ADALYN-CH 1 (Exhibit 2)***

Plaintiff's Publication(s)

- 2015 Yosemite Home Décor Product Catalog

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/ceiling-fans-1/aislee-ch

- https://www.amazon.com/Decor-Katelyn-Ceiling-Chrome-Silver/dp/B0723BGMLC/ref=lp_14641854011_1_11?srs=14641854011&ie=UTF8&qid=1500330135&sr=8-11

- https://www.wayfair.com/Y-Decor-48-Aislee-3-Blade-Ceiling-Fan-with-Remote-YDCR1135.html

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

# 2016 Photographs, Group A

### YHD CHANDELIER 1261-9U-BN 1 (Exhibit 3)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/1261-9u-bn?filter_name=1261

- https://www.amazon.com/Yosemite-Home-Decor-1261-9U-BN-Chandelier/dp/B00DKC48LM/ref=sr_1_2?srs=3051004011&ie=UTF8&qid=1500072522&sr=8-2&keywords=1261

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/ann-2

### YHD CHANDELIER 1261-9U-BN 2 (Exhibit 4)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/1261-9u-bn?filter_name=1261

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/ann-2

### YHD CHANDELIER 1332-3SN 1 (Exhibit 5)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/1332-3sn?filter_name=1332

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/rick

### YHD CHANDELIER 1332-3SN 2 (Exhibit 6)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/1332-3sn?filter_name=1332

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/rick

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

1

***YHD CHANDELIER 1332-3SN 3 (Exhibit 7)***

2

      Plaintiff's Publication(s)

3

-   http://www.yosemitehomedecor.com/1332-3sn?filter_name=1332

4

      Defendants' Unlawful Publication(s)

5

-   http://www.y-decor.com/chandeliers/rick

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

# 2016 Photographs, Group B

**YHD CHANDELIER 1435-5DB 1 *(Exhibit 8)***

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/1435-5db?filter_name=1435

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/mike

**YHD CHANDELIER 1435-5DB 2 *(Exhibit 9)***

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/1435-5db?filter_name=1435

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/mike

# 2017 Photographs

**YHD CHANDELIER 1435-5SN 1 (Exhibit 10)**

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/1435-5sn?filter_name=1435

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/mike-1

**YHD CHANDELIER 1435-5SN 2 (Exhibit 11)**

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/1435-5sn?filter_name=1435

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/mike-1

**YHD CHANDELIER 1435-5SN 3 (Exhibit 12)**

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/1435-5sn?filter_name=1435

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/mike-1

**YHD CHANDELIER 1435-5SN 4 (Exhibit 13)**

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/1435-5sn?filter_name=1435

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/mike-1

**YHD CHANDELIER 94836-6VB 1 (Exhibit 14)**

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/94836-6vb?filter_name=94836-6VB

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/lucerne

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

*YHD CHANDELIER 94836-6VB 3 (Exhibit 15)*

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/94836-6vb?filter_name=94836-6VB

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/lucerne

*YHD CHANDELIER 94836-6VB 4 (Exhibit 16)*

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/94836-6vb?filter_name=94836-6VB

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/lucerne

*YHD CHANDELIER 94836-6VB 5 (Exhibit 17)*

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/94836-6vb?filter_name=94836-6VB

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/lucerne

*YHD FAN ADALYN-BBN 2 (Exhibit18)*

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/adalyn-bbn?filter_name=adalyn
- https://www.amazon.com/Yosemite-Home-Decor-ADALYN-BBN-Burnished/dp/B00IQYNDQK/ref=sr_1_1?srs=3051004011&ie=UTF8&qid=1500330332&sr=8-1&keywords=ADALYN

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/ceiling-fans-1/aislee-bn

*YHD FAN ADALYN-BBN 3 (Exhibit 19)*

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/adalyn-bbn?filter_name=adalyn
- https://www.amazon.com/Yosemite-Home-Decor-ADALYN-BBN-

DOWLING|AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

Burnished/dp/B00IQYNDQK/ref=sr_1_1?srs=3051004011&ie=UTF8&qid=1500330332&sr=8-1&keywords=ADALYN

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/ceiling-fans-1/aislee-bn

### YHD FAN ADALYN-BBN 4 (Exhibit 20)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/adalyn-bbn?filter_name=adalyn

- https://www.amazon.com/Yosemite-Home-Decor-ADALYN-BBN-Burnished/dp/B00IQYNDQK/ref=sr_1_1?srs=3051004011&ie=UTF8&qid=1500330332&sr=8-1&keywords=ADALYN

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/ceiling-fans-1/aislee-bn

### YHD FAN ADALYN-CH 2 (Exhibit 21)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/adalyn-ch?filter_name=adalyn-CH

- https://www.amazon.com/Yosemite-Home-Decor-ADALYN-CH-48-Inch/dp/B00JY0TE4U

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/ceiling-fans-1/aislee-ch

### YHD FAN ADALYN-CH 3 (Exhibit 22)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/adalyn-ch?filter_name=adalyn-CH

- https://www.amazon.com/Yosemite-Home-Decor-ADALYN-CH-48-Inch/dp/B00JY0TE4U

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/ceiling-fans-1/aislee-ch

### YHD FAN ADALYN-CH 4 (Exhibit 23)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/adalyn-ch?filter_name=adalyn-CH

DOWLING|AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

- https://www.amazon.com/Yosemite-Home-Decor-ADALYN-CH-48-Inch/dp/B00JY0TE4U

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/ceiling-fans-1/aislee-ch

### YHD CHANDELIER SCFP2080-6RR 1 (Exhibit 24)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/scfp2080-6rr?filter_name=SCFP2080-6RR

- https://www.amazon.com/Yosemite-Home-Decor-SCFP2080-6RR-Chandelier/dp/B00SL6ESCQ/ref=sr_1_1?ie=UTF8&qid=1500314156&sr=8-1&keywords=SCFP2080-6RR

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/lz2080-6rr

### YHD CHANDELIER SCFP2080-6RR 2 (Exhibit 25)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/scfp2080-6rr?filter_name=SCFP2080-6RR

- https://www.amazon.com/Yosemite-Home-Decor-SCFP2080-6RR-Chandelier/dp/B00SL6ESCQ/ref=sr_1_1?ie=UTF8&qid=1500314156&sr=8-1&keywords=SCFP2080-6RR

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/lz2080-6rr

### YHD CHANDELIER SCFP2080-6RR 3 (Exhibit 26)

Plaintiff's Publication(s)

- http://www.yosemitehomedecor.com/scfp2080-6rr?filter_name=SCFP2080-6RR

- https://www.amazon.com/Yosemite-Home-Decor-SCFP2080-6RR-Chandelier/dp/B00SL6ESCQ/ref=sr_1_1?ie=UTF8&qid=1500314156&sr=8-1&keywords=SCFP2080-6RR

Defendants' Unlawful Publication(s)

- http://www.y-decor.com/chandeliers/lz2080-6rr

DOWLING│AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

1    *YHD CHANDELIER SCFP2080-6RR 4 (Exhibit 27)*

2        Plaintiff's Publication(s)

3    • http://www.yosemitehomedecor.com/scfp2080-6rr?filter_name=SCFP2080-
     6RR

4
5    • https://www.amazon.com/Yosemite-Home-Decor-SCFP2080-6RR-
     Chandelier/dp/B00SL8ESCQ/ref=sr_1_1?ie=UTF8&qid=1500314156&sr=8
6    -1&keywords=SCFP2080-6RR

7        Defendants' Unlawful Publication(s)

8    • http://www.y-decor.com/chandeliers/lz2080-6rr

9        31.    Plaintiff is informed and believes, and thereon alleges, that Defendants

10   are also using, without Plaintiff's authorization, the Infringed Works on product packaging.

11   Some of Defendants' product packaging includes photographs of product, such photographs

12   being identical or substantially similar copy of an Infringed Work.  For example, photographs

13   of Defendants' AISLEE ceiling fan product packaging are attached hereto as **Exhibit B**, which

14   includes a photograph which is substantially the same as Plaintiff's "YHD FAN ADALYN-

15   BBN 1" photograph (compare **Exhibit 1** to **Exhibit B**.)   On August 2, 2017, Plaintiff was

16   contacted for service by one of Defendants' customers whom purchased Defendants' AISLEE

17   ceiling fan via Amazon.com. The customer sent a photograph of the product packaging,

18   attached to and incorporated herein as **Exhibit C**.   Later, on September 1, 2017, Plaintiff was

19   contacted for service by one of Defendants' customers who purchased Defendants' AISLEE

20   ceiling fan via Lowes. The customer sent a photograph of the product packaging, attached to

21   and incorporated herein as **Exhibit D**.

22       32.    Additionally, Defendants have copied a substantial number of other

23   original photographs of Plaintiff's which are not subject to pending copyright applications.

24   Because these photographs are not registered, Plaintiff is not alleging copyright infringement as

25   to them, but contends they are additional allegations of infringement showing Defendants'

26   pattern and practice of unfairly competing with Plaintiff.  These "Other Photographs" include,

27   but are not limited to:

28   ///

DOWLING|AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

a.      "YHD Light 5008IBR 2" (**Exhibit E**); "YHD Three-Light 4993-3SN 2" (**Exhibit F**); "YHD Light JK102-13WH 2" (**Exhibit G**); "YHD Lighting FT4001 2" (**Exhibit H**); and "YHD Lighting FT4002 2" (**Exhibit I**); "YHD Lighting FT4005 2" (**Exhibit J**); "YHD Light 1031-1CH" (**Exhibit K**); "YHD Three-Light 1031-3CH" (**Exhibit L**); and "YHD Four-Light 1031-4CH" (**Exhibit M**).

***Defendants' Theft and Use of Plaintiff's Owner's Manuals***

33.      When Plaintiff orders product from a factory that requires an owner's manual or warranty information, Plaintiff pays the factory to produce an owner's manual with Plaintiff's contact information for service or any other customer inquiry.  Plaintiff is informed and believes and thereon alleges that Defendant has been stealing Plaintiff's owner's manuals by directing certain factories to ship Plaintiff's owner's manuals with Defendants' product. This understandably creates great confusion for customers and directly causes customers to believe Plaintiff and Defendants are related or the same company.

***Defendants' Conduct is Causing Actual Confusion in the Market***

34.      As a direct result of Defendants' efforts to cause confusion among Plaintiff's customers, distributors, and others in the industry and to intentionally divert business from Plaintiff as described above, Plaintiff has begun to receive complaints and other inquiries evidencing actual confusion.   Examples include, but are not limited to:

a.      In May of 2017, Plaintiff was contacted by a customer seeking service on a kitchen faucet purchased from Home Depot.  The product had been purchased from Defendants, but the customer mistakenly believed that it had been purchased from Plaintiff due to Defendants' use of Plaintiff's unique SKU to identify and advertise an identical kitchen faucet.

b.      In July of 2017, Plaintiff received a wire deposit from a retailer in Colorado.  The Colorado retailer was not one of Plaintiff's customers, which caused substantial confusion for Plaintiff and extensive efforts to determine the reason for the deposit.  Ultimately Plaintiff learned that the deposit was made in error and was intended to be sent to Defendants. The retailer informed Plaintiff that the error was made after Bogenschutz stated that Yosemite

DOWLING|AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

Home Décor was his "old company" and Y-Décor was his "new company," and the Bill of Lading the customer received stated the seller was Plaintiff, "Yosemite Home Décor."

        c.      On or about August 2, 2017, Plaintiff was contacted by an individual who was attempting to install a ceiling fan purchased through Amazon.com but was having difficulty syncing the fan with its remote.  The individual provided photographs of the fan, packaging, and installation manual, which indicated that the fan had been shipped in Defendants' packaging but contained Plaintiff's manual, including a statement that the product is imported by Plaintiff and providing its customer service information.  The customer photograph was previously identified herein as **Exhibit C**.

        d.      On or about August 16, 2017, Plaintiff was contacted by another customer inquiring about a ceiling fan that also was not functioning properly.  The customer had purchased the fan from Defendants, but the product contained Plaintiff's owner's manual which stated the fan had been imported by Plaintiff and contained Plaintiff's contact information.

        e.      The same day, Plaintiff received a similar complaint from another customer who had purchased a fan with a missing component.  Once again, the product arrived in Defendant's packaging but contained a copy of Plaintiff's owner's manual.  The customer photographs are attached hereto as **Exhibit N.**

        f.      In August of 2017, another customer contacted Plaintiff regarding a fireplace she had purchased from Overstock.com in November 2016 that had "blown up."  The customer had purchased the fireplace from Defendants, but was informed by Defendants that they were "partnered" with Plaintiff and the issue would be resolved.  The customer ultimately contacted Plaintiff through Overstock.com because she had not received a call back from Defendants.

        g.      On September 1, 2017, a customer contacted Plaintiff for service on a fan that was purchased through Lowe's and arrived in defendant's packaging but contained Plaintiff's owner's manual.   The customer photographs were previously identified herein as **Exhibit D**.

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

1        h.     On September 18, 2017, a customer who had purchased

2    Defendants' AISLEE ceiling fan contacted Plaintiff regarding issues with the fan.  The

3    customer contacted Plaintiff because the fan arrived in Defendants' box, but contained

4    Plaintiff's owner's manual.  The customer sent a photograph of Defendants' packaging and

5    Plaintiff's manual, attached hereto and incorporated herein as **Exhibit O**.

6        i.     On October 9, 2017, a customer who had purchased Defendant's

7    AISLEE ceiling fan contacted Plaintiff regarding issues with the fan.  The customer contacted

8    Plaintiff because the fan arrived in Defendants' box, but contained Plaintiff's owner's manual.

9    The customer sent a photograph of Defendant's packaging and Plaintiff's manual, attached

10    hereto and incorporated herein as **Exhibit O-1**.

11    ***Defendants' Unfair and Unlawful Conduct Is Escalating***

12        35.     Plaintiff is informed and believes and thereon alleges that the recent

13    substantial increase in confusion in the marketplace arises from Defendants' recent and

14    substantial use of unfair competition tactics and intentional online diversion of customers from

15    Plaintiff's product to Defendants' product.  The conduct is causing actual confusion and creates

16    a substantial burden on Plaintiff to provide service calls to Defendants' customers and to spend

17    additional time at the outset of every service call to determine whether a product is even

18    Plaintiff's product, causing further customer frustration and further damaging Plaintiff's

19    reputation.

20        36.     For example, in addition to the overt act of including Plaintiff's contact

21    information in installation manuals contained in Defendants' product packaging, Defendant is

22    surreptitiously directing warranty contacts on Defendants' website to Plaintiff.  On October 1,

23    2017, Plaintiff discovered that Defendants are utilizing website coding to direct warranty

24    contacts from Defendants' website to Plaintiff's website.   On information and belief,

25    Defendants' control a website at the domain name <y-decor.com> which has a page at

26    http://www.y-decor.com/returns (hereinafter "Defendants' Returns Webpage").

27    ///

28    ///

a.    A printout of Defendants' Returns Webpage, attached hereto and incorporated herein as **Exhibit P**, states:

- "Customers have 24 hours from the date of delivery to report missing items. Missing merchandise should be reported to ***y-decor.com*** or giving a call to our Customer Service department." (emphasis added) The underlying link on "y-decor.com", when clicked, takes the user to Plaintiff's website page at https://www.yosemitehomedecor.com/Return%20Policies.docx.

- "Customers need to report all defects within the products warranty period. The warranty period begins on the date of purchase from Y Décor. Defects should be reported on our website at ***www.y-decor.com***. All defective claims should include a thorough description of the defect, photos and if possible the Y Décor PO#." (emphasis added) The underlying link on "www.y-decor.com", when clicked, takes the user to Plaintiff's website page at http://www.yosemitehomedecor.com/productreturn

b.    A printout of the underlying website coding of Defendants' Returns Webpage, attached hereto and incorporated herein as **Exhibit Q**, states correspondingly:

- "Missing merchandise should be reported to y-decor.com<a href="https://www.yosemitehomedecor.com/Return%20Policies.docx"> </a>or giving a call to our Customer Service department." (see, e.g., Page 26 of **Exhibit Q** [highlighting added])

- "Defects should be reported on our website at <a href="http://www.yosemitehomedecor.com/productreturn">w</a>ww.y-decor.com<a href="http://www.yosemitehomedecor.com/productreturn">. </a>" (see, e.g., Page 27 of **Exhibit Q** [highlighting added])

c.    Thus, Defendants' on their website are simultaneously infringing Plaintiff's rights in the Infringed Works and damaging Plaintiff by referring Defendants' warranty claims to Plaintiff.  There can be no doubt that such actions are a direct and intentional attempt to unfairly compete with Plaintiff.

///

///

37.     Plaintiff is informed and believes, and thereon alleges, that Defendants are intentionally and maliciously attempting to unfairly compete with Plaintiff by, among other things, utilizing identical or substantially similar copies of Plaintiff's Infringed Works, confusingly similar SKU numbers, and including Plaintiff's installation material in packaging of Defendants' competing products.   Defendants are essentially freeloading Plaintiff's substantial efforts over the last decade in developing a successful home furnishing and décor business, and simultaneously interjecting confusion as to the source of Defendants' products. Moreover, Defendants' actions place a customer service burden on Plaintiff because they cause Plaintiff to respond to inquiries from Defendants' customers.

## FIRST CAUSE OF ACTION

**(Copyright Infringement, 17 U.S.C. §§ 101, *et seq.* Against All Defendants)**

38.     Plaintiff incorporates paragraphs 1 through 12 and 15-37 as though fully set forth herein.

39.     Plaintiff created the 2014 Photographs, the 2016 Photographs, Group A, the 2016 Photographs, Group B and the 2017 Photographs and they contain a large amount of material wholly original to Plaintiff and are copyrightable subject matter under the laws of the United States.

40.     Plaintiff has complied in all respects with the Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the  Photographs and Catalogs by registration of them with the United States Copyright Office on September 30, 2017, pending application Case Nos. 1-5864247291 (2016 Photographs, Group A), 1-5864247393 (2016 Photographs, Group B), 1-5864247608 (2017 Photographs), 1-5864247582 (2015 Catalog), 1-5864247608 (2017 Catalog) and on October 5, 2017, of Case No. 1- 5882364514 (2014 Photographs) (hereafter the "Actionable Copyrighted Materials".)

41.     Since their creation in 2014, the 2014 Photographs have been published by Plaintiff and all copies made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Act and all other laws

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

governing copyright.

42.     Since its creation in 2015, the 2015 Catalog has been published by Plaintiff and all copies made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Act and all other laws governing copyright.

43.     Since their creation in 2016, the 2016 Photographs, Group A and the 2016 Photographs, Group B have been published by Plaintiff and all copies made by Plaintiff or under its authority or license have been printed, bound, and published in strict conformity with the provisions of the Copyright Act and all other laws governing copyright.

44.     Since their creation in 2017, the 2017 Photographs have been published by Plaintiff and all copies made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Act and all other laws governing copyright.

45.     Since its creation in 2017, the 2017 Catalog has been published by Plaintiff and all copies made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Act and all other laws governing copyright.

46.     Since their use, Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the Actionable Copyrighted Materials subject to pending copyright applications.

47.     Defendants infringed the copyright by publishing and placing copies of the Actionable Copyrighted Materials to advertise Defendants' products in the market without Plaintiff's authorization or consent.   The copies are identical or nearly identical to the Plaintiff's copyrighted materials.

48.     Plaintiff has notified Defendants that Defendants have infringed Plaintiff's copyright in the Actionable Copyrighted Materials and Defendants have continued to infringe the copyright in the Actionable Copyrighted Materials.

///

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

49.     By the conduct described in this complaint, Defendants have caused Plaintiff irreparable damage not fully compensable by monetary damages.

50.     As result of each Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to actual damages as well as profits of Defendants attributable to each of the Defendants and not taken in to account in computing actual damages pursuant to 17 U.S.C. § 504.

51.     Defendants' conduct is causing and, unless enjoined and restrained by the Court, will continue to cause Plaintiff great and irreparable injury.

52.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringement of Plaintiff's copyright and ordering that each Defendant destroy all items made or used in violation of Plaintiff's exclusive rights to the copyright.

**SECOND CAUSE OF ACTION**

**(Vicarious Copyright Infringement, 17 U.S.C. §§ 101, *et seq.* —Against Bogenschutz)**

53.     Plaintiff incorporates paragraphs 1 through 12 and 15 through 52 as though fully set forth herein.

54.     Plaintiff is, and at all relevant times, has been, the owner of the Actionable Copyrighted Materials.

55.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Actionable Copyrighted Materials and to distribute the Actionable Copyrighted Materials to the public.

56.     Plaintiff is informed and believes and thereon alleges that Bogenschutz exercises supervision and control over RC, financially benefits from RC, and financially benefits from RC's infringement.

57.     Plaintiff is informed and believes and thereon alleges that Bogenschutz acts in a supervisory capacity over RC and that, without Plaintiff's permission or consent, has directed or allowed RC to use the Actionable Copyrighted Materials to market and sell Defendants' products.  In doing so, Bogenschutz has violated Plaintiff's exclusive rights of

reproduction and distribution.

58.     Bogenschutz induced, caused, or materially contributed to the infringement of Plaintiff's copyright through each his capacity to control the actions or activities of RC.

59.     Bogenschutz's acts of vicarious infringement have been willful, intentional, and in disregard of, and with indifference to, Plaintiff's rights.

60.     As a result of Bogenshutz's vicarious infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to actual damages pursuant to 17 U.S.C. § 504.

61.     Bogenschutz's conduct is causing and, unless enjoined and restrained by the Court, will continue to cause Plaintiff great and irreparable injury not fully compensable in monetary damages.

62.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Bogenschutz from further vicarious infringement of Plaintiff's copyright and ordering that Bogenschutz destroy all copies of the Actionable Copyrighted Materials made in violation of Plaintiff's exclusive rights to the copyright.

**THIRD CAUSE OF ACTION**

**(Federal Unfair Competition, 15 U.S.C. § 1125(a)—Against All Defendants)**

63.     Plaintiff incorporates paragraphs 1 through 62 as though fully set forth herein.

64.     Plaintiff's products are sold in home décor stores throughout the United States, including Home Depot, as well as online through websites such as Amazon.com, Wayfair.com, and Overstock.com.  Defendants sell their home décor products at some of the same stores and websites that also stock Plaintiff's products.

65.     Without Plaintiff's consent and as otherwise set forth herein, Defendants have willfully and maliciously competed unfairly in the marketplace.  This unfair competition has included, but is not limited to, violating the parties' settlement agreement and continuing to use the name "Yosemite," despite being fully aware of being prohibited from competing with

DOWLING|AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

the name "Yosemite" and forcing further action to enforce the settlement agreement; infringing Plaintiff's copyright as set forth herein; purposefully copying or substantially copying Plaintiff's unique SKU numbers to confuse customers into buying Defendants' product and not Plaintiff's product; stealing Plaintiff's product manuals and having them delivered with Defendants' product; purposefully creating incorrect hyperlinks which direct consumers to contact Plaintiff to provide customer service for Defendants' products; physically leading Plaintiff's  customers away from Plaintiff's booth at a trade show so that they will purchase product they viewed at Plaintiff's booth from Defendant instead; and using any other words, terms, names, symbols, or devices referring or alluding to Plaintiff or an association with Plaintiff in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods.

66.    Defendants have engaged in this wrongful and unfair competitive activity despite having actual knowledge that Plaintiff uses its copyright, Plaintiff's unique SKU numbers, Plaintiff's product manuals, and other words, terms, names, symbols, or devices referring or alluding to Plaintiff, in order to identify and promote its products.  Defendants' actions are likely to lead the public to conclude, incorrectly, that Defendants' goods originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public.

67.    Plaintiff is informed and believes, and thereon alleges, that Defendants have taken all of the actions set forth herein with the intention of misleading, deceiving, or confusing consumers as to the origin of their goods and of trading on Plaintiff's reputation and good will.

68.    Plaintiff has requested in writing that Defendants cease and desist from their unfair activity, but Defendants have not responded to these requests and have failed to comply with them.  Plaintiff's written demands are attached hereto as **Exhibit R** and incorporated herein by this reference.

69.    Defendants' actions as set forth herein have involved interstate commerce as described above and constitutes unfair competition under 15 U.S.C. § 1125(a) and is likely to cause consumer confusion, mistake, or deception.

70.    As a direct and proximate result of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits, and good will, and Defendants have and will continue to unfairly acquire income, profits, and good will. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violating Plaintiff's rights.

## FOURTH CAUSE OF ACTION

### (False Designation of Origin, 15 U.S.C. §1125(a)—Against All Defendants)

71.    Plaintiff incorporates paragraphs 1 through 12 and 15 through 70 as though fully set forth herein.

72.    By the use in commerce of the photographs, Plaintiff's unique SKU numbers, Plaintiff's product manuals, and other words, terms, names, symbols, or devices referring or alluding to Plaintiff on or in connection with Defendant's products and containers, Defendants misrepresent and falsely describe to the general public the origin and source of Defendants' products and create a likelihood of confusion by purchasers as to the source of the merchandise.

73.    Defendants' acts as described above were in commerce in that Defendants advertised their products using the photographs and Plaintiff's unique SKUs across state lines and conducted business with customers located in more than one state.  Moreover, Defendants' acts as described above have had a substantial detrimental economic effect on Plaintiff's interstate business.

74.    Defendants' unauthorized and unlicensed manufacturing, advertising, distributing, offering for sale, and/or selling its products by means of the photographs, Plaintiff's unique SKU numbers, Plaintiff's product manuals, and other words, terms, names, symbols, or devices referring or alluding to Plaintiff creates express and implied misrepresentations that those goods were created, authorized or approved by Plaintiff, which damages both Plaintiff and the public and profits Defendant.  Defendants' acts are likely to cause confusion or mistake and to deceive as to the affiliation, connection, or association of

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

Plaintiff and Defendants or as to the origin, sponsorship, or approval of Defendants' goods and commercial activities among customers in the home fixture industry.

75.     Plaintiff is informed and believes, and thereon alleges, that Defendants have manufactured, distributed, advertised, sold and/or offered their goods for sale with the intention of misleading, deceiving or confusing consumers as to the origin of their goods and of trading on Plaintiff's reputation and good will.

76.     Defendants' unauthorized marketing and sale of its products in interstate commerce in the manner described above constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

77.     As a direct and proximate result of Defendants' acts, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill and Defendants have acquired and will continue to unfairly acquire income, profits and goodwill.

78.     Defendants' acts will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights.

### FIFTH CAUSE OF ACTION

### (Common Law Trademark Infringement—Against All Defendants)

79.     Plaintiff incorporates paragraphs 1 through 12 and 15 through 78 as though fully set forth herein.

80.     As a result of the public's association of Plaintiff's unique SKU numbers with Plaintiff, Defendants' use of deceptively similar SKU numbers in connection with the sale of its products has or is likely to cause confusion and mistake and to deceive.

81.     Defendants used Plaintiff's unique SKU numbers with full prior knowledge of Plaintiff's prior use, and of the reputation of Plaintiff's unique SKU numbers and identification of the unique SKU with Plaintiff.  Defendants' use of Plaintiff's unique SKU numbers were for the willful and calculated purpose of trading on Plaintiff's goodwill and of selling its products based on the goodwill of Plaintiff's trademarks and business reputation in

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

the industry.

82.     Defendants have willfully promoted and sold its products in such a manner so as inevitably to suggest association, affiliation, or sponsorship with, or approval by, Plaintiff and so as to cause, or be likely to cause, confusion or mistake among purchasers as to the origin of Defendants' products, all to Defendants' gain and Plaintiff's damage.

83.     Defendants' conduct violates and constitutes infringement of Plaintiff's common-law rights in Plaintiff's unique SKU numbers.  Defendants' conduct has damaged and will continue to damage Plaintiff's goodwill and reputation to their irreparable injury unless restrained by this Court.

## SIXTH CAUSE OF ACTION

### (Unfair Business Competition, Cal. Bus. & Prof. Code § 17200 *et seq*.—Against All Defendants)

84.     Plaintiff incorporates paragraphs 1 through 83 as though fully set forth herein;

85.      Defendants have committed and are continuing to commit acts of unfair competition against Plaintiff as defined by California Business and Professions Code section 17200 through Defendants' unlawful, unfair, and/or fraudulent conduct as described herein;

86.     As a direct, proximate, and foreseeable result of Defendants' conduct as alleged herein, Defendants have received and will receive money, property, profits, and other benefits that rightfully belong to Plaintiff including, but not limited to, profits, income, goodwill, and market share.  Accordingly, Plaintiff is entitled to restitution of all such money, property, profits, and other benefits;

87.     Defendants conduct as described herein are a serious and continuing threat to Plaintiff's reputation, goodwill, and financial health.  If Defendants are allowed to continue their wrongful acts, Plaintiff will suffer further immediate and irreparable injury, loss, and damage.  In the absence of injunctive relief, Defendants and their agents will continue to violate Plaintiff's rights by engaging in the conduct alleged above.

///

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTH CAUSE OF ACTION**

**(Interference With Prospective Economic Advantage—Against All Defendants)**

88.    Plaintiff incorporates paragraphs 1 through 12 and 15 through 87 as though fully set forth herein.

89.    At all times relevant herein, Defendants were aware that Plaintiff attends and recruits customers at the annual Las Vegas, Nevada product show.  Until Defendant engaged in the acts alleged herein, including directing one of Plaintiff's employees to divert customers from Plaintiff's showroom at the annual Las Vegas, Nevada product show, there was a reasonable probability that these customers would purchase Plaintiff's products.

90.    By their unjustified and unprivileged conduct, as alleged herein, Defendants intended to disrupt Plaintiff's prospective economic advantage in diverting customers from Plaintiff at the annual Las Vegas, Nevada product show.  Defendants' conduct, as alleged above, disrupted Plaintiff's prospective economic advantage in obtaining customers at the annual Las Vegas, Nevada product show.

91.    Defendants' use of Plaintiff's unique SKUs and photographs on websites such as Amazon, Wayfair and Overstock diverts customers to buy from Defendants instead of Plaintiff and without such diversion there was a reasonable probability that these customers would buy Plaintiff's product.

92.    By their unjustified and unprivileged conduct, as alleged herein, Defendants intended to disrupt Plaintiff's prospective economic advantage by diverting customers from Plaintiff online.  Defendants' conduct, as alleged above, disrupted Plaintiff's prospective economic advantage in obtaining customers online at websites such as Amazon, Wayfair and Overstock.

93.    As a direct, proximate, and foreseeable result of Defendants' wrongful conduct as alleged above, Plaintiff has suffered damages in an amount to be proven at trial.

94.    Plaintiff is informed and believes, and thereon alleges, that Defendants acted with oppression, fraud, and/or malice, and have deliberately caused and have intended to cause great economic harm to Plaintiff with full knowledge of the wrongfulness of their

DOWLING|AARON
I N C O R P O R A T E D
ATTORNEYS AND COUNSELORS AT LAW

conduct.   Plaintiff is further informed and believes, and thereon alleges, that Defendants'

conduct as alleged above was despicable, was carried on with a willful and conscious disregard

of Plaintiff's rights, and subjected Plaintiff to unjust hardship.   Therefore, Plaintiff should be

awarded punitive and exemplary damages sufficient to punish Defendants from engaging in

this conduct and to deter similar conduct on their part in the future.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**On the First and Second Causes of Action:**

1.      For preliminary and permanent injunctions enjoining each Defendant and their agents, employees, and all others acting on their behalf from directly or indirectly infringing Plaintiff's copyright in the Photographs in any manner, and from publishing, marketing, or otherwise using the Photographs;

2.      That each Defendant be required to pay Plaintiff the damages Plaintiff has sustained as a consequence of Defendant's copyright infringement and to account for all gains, profits, and advantages derived by Defendants by the infringement of Plaintiff's copyright;

3.      For an award against each Defendant for actual damages and disgorgement of profit;

4.      For prejudgment interest;

5.      For an award of Plaintiff's costs and fees as allowed by law;

6.      For such other and further relief as the Court deems just and proper.

**On the Third Cause of Action**

1.      For preliminary and permanent injunctions enjoining each Defendant and their agents, employees, and all others acting on their behalf from engaging in unfair business practices including, but not limited to, use of the Infringed Works to sell Defendants' product,

DOWLING|AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

1   stating or implying an association or affiliation with Plaintiff's business; stealing and shipping

2   Plaintiff's product manuals with Defendants' product; creating incorrect and misleading

3   hyperlinks on Defendants' website which direct consumers to Plaintiff's website for service,

4   returns or complaints;  copying or substantially copying Plaintiff's SKUs to sell Defendants'

5   product; accessing or attempting to access any internal computer systems owned or operated by

6   Plaintiff; using the name "Yosemite" in any manner; purposefully creating misleading internet

7   search key terms so that when consumers search for Plaintiff's product they are instead directed

8   to Defendants' product; engaging in any other unfair competitive activity.

9          2.      Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the

10  Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in

11  writing and under oath setting forth in detail the manner and form in which Defendant has

12  complied with the injunction;

13         3.      Pursuant to 15 U.S.C. § 1118, requiring Defendants and all others acting

14  under Defendants' authority, at their cost, be required to deliver up and destroy all devices,

15  literature, advertising, labels, and other materials in their possession bearing Plaintiff's unique

16  SKU numbers;

17         4.      For an award against each Defendant of all damages sustained as a result

18  of Defendants' acts of unfair competition, subject to trebling, together with prejudgment

19  interest;

20         5.      For an award against each Defendant of all profits received by

21  Defendants from sales and revenues of any kind made as a result of its infringing and unfair

22  activity, said amount to be trebled, after an accounting;

23         6.      For an award of treble actual damages and profits pursuant to 15 U.S.C.

24  § 1117(b) because Defendants' conduct was willful within the meaning of the Lanham Act;

25         7.      For an award of Plaintiff's costs and attorneys' fees as allowed by law;

26         8.      For such other and further relief as the Court deems just and proper.

27  ///

28  ///

**On the Fourth Cause of Action:**

1.      For preliminary and permanent injunctions enjoining each Defendant and their agents, employees, and all others acting on their behalf from directly or indirectly infringing Plaintiff's copyrighted materials or Plaintiff's unique SKU numbers, or any other variation, facsimile, or similar imitation of copyrighted material or Plaintiff's unique SKU numbers in any manner relating to the manufacture, distribution, advertising, or sale of its products;

2.      Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

3.      Pursuant to 15 U.S.C. § 1118, requiring Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other materials in their possession bearing Plaintiff's unique SKU numbers or Plaintiff's copyrighted material;

4.      For an award against each Defendant of all damages sustained as a result of Defendants' acts of unfair competition, subject to trebling, together with prejudgment interest;

5.      For an award against each Defendant of all profits received by Defendants from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting;

6.      For an award of treble actual damages and profits pursuant to 15 U.S.C. § 1117(b) because Defendants' conduct was willful within the meaning of the Lanham Act;

7.      For an award of Plaintiff's costs and attorneys' fees;

8.      For such other and further relief as the Court deems just and proper.

**On the Fifth Cause of Action:**

1.      For preliminary and permanent injunctions enjoining each Defendant and their agents, employees, and all others acting on their behalf from directly or indirectly

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

infringing Plaintiff's trademarks, or any other variation, facsimile, or similar imitation of Plaintiff's trademarks in any manner relating to the manufacture, distribution, advertising, or sale of its products;

       2.    That each Defendant be required to pay Plaintiff the damages Plaintiff has sustained as a consequence of Defendant's trademark infringement and to account for all gains, profits, and advantages derived by Defendants by the infringement of Plaintiff's trademark;

       3.    For an award against each Defendant for damages in the amount of Defendants' profits and Plaintiff's actual damages, trebled in the Court's discretion;

       4.    For an award of Plaintiff's costs and attorneys' fees;

       5.    For such other and further relief as the Court deems just and proper.

**On the Sixth Cause of Action:**

       1.    For preliminary and permanent injunctions enjoining each Defendant and their agents, employees, and all others acting on their behalf from directly or indirectly engaging in any acts amounting to unfair business practices;

       2.    For restitution of all money, property, profits, and other benefits acquired by Defendants by means of their unfair business practices;

       3.    For costs of suit and attorneys' fees as allowed by law;

       4.    For such other and further relief as the Court deems just and proper.

**On the Seventh Cause of Action:**

       1.    For compensatory damages in an amount according to proof at trial;

       2.    For punitive and exemplary damages against each Defendant;

       3.    For costs of suit incurred herein;

       4.    For such other and further relief as the Court deems just and proper.

1  Dated:      October 9, 2017                    DOWLING AARON INCORPORATED

2

3                                                 By:   /s/Stephanie Hamilton Borchers
                                                        Stephanie Hamilton Borchers
4                                                       Marcus N. DiBuduo
                                                        Sydney A. Smith
5                                                       Attorneys for Plaintiff NORTHERN
                                                        CENTRAL DISTRIBUTING, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   018130-000005-02283613.DOC-1

25

26

27

28

COMPLAINT