UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CENTRAL DISTRIBUTING, INC., a California Corporation, dba YOSEMITE HOME DÉCOR;<br><br>Plaintiff,<br><br>v.<br><br>ROCKIE BOGENSCHUTZ, an individual; ROCKIE'S CONTAINERS, LLC, a California limited liability company, dba Y-DÉCOR and YOSEMITE DÉCOR, and DOES 1 through 50, inclusive.<br><br>Defendant. | Case No. 1:17-CV-01351-AWI-EPG<br><br>STIPULATION AND ORDER RE PRELIMINARY INJUNCTION<br><br>(Doc. 6.) |

The parties have stipulated and IT IS HEREBY ORDERED that Defendants shall:

1. Immediately refrain from using any stock keeping unit, model, or product identifier ("SKU") which is identical to a SKU being used by Plaintiff on or in connection with the same, similar or competitive home fixture, furnishing or décor product. Additionally, with the exception of the SKUs listed in Exhibit A, within 60 days of entry of this Order, Defendants will refrain from using any SKU which is similar to a SKU which is in active use by Plaintiff

on or in connection with the same, similar or competitive home fixture, furnishing or décor product. For the purpose of this provision, a SKU is "similar" if it has 3 or more consecutive numbers or letters that are the same as consecutive numbers or letters in a SKU being used by Plaintiff. For the purpose of this Order Plaintiff may prove "active use" of a SKU by establishing Plaintiff has ordered, received, sold or distributed the referenced home fixture, furnishing or décor product on or after June 1, 2017. Defendants shall act in good faith to comply with this provision within 60 days, but upon notice of any violation of this provision Defendants shall have 10 days to correct the violation.

2. Immediately refrain from reproducing, distributing copies of, preparing derivatives of, displaying, or aiding others in reproducing, distributing copies of, preparing derivatives of or displaying, in whole or in part, any image, photograph, drawing, artwork, catalog, or product literature in which Plaintiff has valid and subsisting copyrights, and of which Defendant knows or has reason to know were prepared by, with, or for the exclusive benefit of, Plaintiff (the "Prohibited Creative Works").

3. Immediately refrain from any use of Plaintiff's SKUs or the Prohibited Creative Works that is likely to confuse, mislead, or deceive the consuming public into believing that Defendants' business are the same, affiliated, or related to Plaintiff or Plaintiff's business, or which may cause the public to believe Defendants' product is actually Plaintiff's product.

4. Immediately refrain from using, preparing, or distributing, in print or electronic from, any advertising or marketing material, product manuals, owner's manuals, installation guides, warranty guides, product packaging, and packaging materials, in connection with (i) the sale or advertising of home fixture, furnishing, or décor products and (ii) the performance or advertising of the service of distributing home fixture, furnishing, or décor products, that include any of Plaintiff's Prohibited Creative Works, including but not limited to:

   a. The 2016 Photographs, Group A (as defined in the Complaint, but excluding any photographs not created by or at the direction of Plaintiff, i.e., manufacturer photographs);
   b. The 2016 Photographs, Group B (as defined in the Complaint, but excluding any photographs not created by or at the direction of Plaintiff, i.e., manufacturer photographs);

  c. The 2017 Photographs (as defined in the Complaint, but excluding any photographs not created by or at the direction of Plaintiff, i.e., manufacturer photographs);
  d. The 2015 Catalog or any image, photograph, drawing, artwork contained therein (as defined in the Complaint but excluding any photographs not created by or at the direction of Plaintiff, i.e., manufacturer photographs);
  e. The 2017 Catalog or any image, photograph, drawing, artwork contained therein (as defined in the Complaint but excluding any photographs not created by or at the direction of Plaintiff, i.e., manufacturer photographs);

 5. Immediately refrain from distributing within, or importing into, the United States any product having inserted into its packaging, or attached thereto, or in any other way distributed therewith, any of Plaintiff's product manuals, owner's manuals, installation guides, or warranty guides, or any material attached to or included with Defendants' product that uses the name "Yosemite."

 6. Immediately refrain from stating or implying, orally or in writing, that Defendants' products are warranted by Plaintiff.

 7. Immediately refrain from directing Defendants' customers to contact Plaintiff for warranty or return information.

 8. Immediately refrain from stating or implying, orally or in writing, that Defendants or Defendants' business is affiliated with Plaintiff.

 9. Immediately refrain from using the "Yosemite" name in any manner whatsoever, including but not limited to Defendants' employment advertisements, fictitious business name filings, invoices, shipping materials, product manuals, bills of lading, shipping containers, or in any other manner whatsoever.

 10. Immediately refrain from using the name "Yosemite" in online sales, including but not limited to the use of "Yosemite Home Décor" in the product description of Item #18760419 sold on Overstock.com. Defendants represent they are not selling any products as "Yosemite Home Décor", on Amazon.com under the Deluxe Lamp storefront or any other Amazon.com storefront, or at DeluxeLamp.com, including, without limitations, the products called, "Yosemite Home Décor RL6078C-12BK 12 Light Chandelier, Iron Black Finish," "Yosemite Home Décor SC2263-6LRR 6-Light Chandelier, Light Red Rustic," "Yosemite Home Décor SCPL20415-1SN 1 Light Pendant, Nickel Plated Finish," and "Yosemite Home

Décor RL8003C-6W 6 Light Chandelier, Antique White Finish." Defendants further represent that they are not operating as "Deluxe Lamp", and do not know, and will not assist, anyone operating as "Deluxe Lamp."

11. Immediately refrain from accessing, attempting to access or instructing or permitting others to access or attempt to access any online or internal database of Yosemite Home Décor whatsoever, including but not limited to Plaintiff's Amazon.com product portal.

12. Immediately refrain from creating or continuing to use misleading internet hyperlinks which could divert, confuse or mislead Yosemite Home Décor customers or potential Yosemite Home Décor customers to believe Defendants' product is a Yosemite Home Décor product, or that Defendants business or product is related to Yosemite Home Décor, including but not limited to removing any direct links from Defendants' website which hyperlink to Plaintiff's website.

13. Immediately refrain from using any of the Prohibited Creative Work, including those created by or obtained by Defendants while a shareholder, owner, director or employee of Yosemite Home Décor, or created or obtained by any agent of Defendants while an employee of Yosemite Home Décor.

14. Immediately refrain from copying Plaintiff's "romance" or unique descriptive copy to sell or describe product.

15. Immediately recall or otherwise eliminate distribution of any of Defendants' products which contain Plaintiff's product manuals, owner's manuals, installation guides, or warranty guides, or any material attached to or included with Defendants' product that uses the name "Yosemite," and within 15 days provide Plaintiff with an inventory of product that has already been sold to the public containing Plaintiff's product manuals, owner's manuals, installation guides, or warranty guides, or any material attached to or included with Defendants' product that uses the name "Yosemite," as well as evidence of the removal of all remaining product manuals, owner's manuals, installation guides, or warranty guides, or any material attached to or included with Defendants' product that uses the name "Yosemite," from Defendants' product.

16. Immediately refrain from initiating any contact with Plaintiff's Cebu office.

17. Immediately refrain from posting any negative "fake" reviews of any of Plaintiff's product in any online forum.

The parties further stipulate and agree that, in order to deter any further damage to Plaintiff's business, reputation and goodwill, the parties agree to the following measure of sanctions for violations of this ORDER, in addition to any other remedies or penalties the Court deems just and proper for violations of this Court's ORDER:

a. $500 for each prospective violation of this ORDER by any Defendant or anyone acting in concert with any Defendant having notice of the injunction. *Aradia Women's Health Center v. Operation Rescue*, 929 F.2d 530, 532 (9th Cir. 1991) (prospective sanctions proper); *Institute of Cetacean Research v. Sea Shepherd Conservation Soc.*, 774 F.3d 935, 950 (9th Cir. 2014) (party liable for contempt for encouraging or giving non-party means to violate injunction); and

b. An award of reasonable attorneys' fees and costs to Plaintiff for costs of enforcement of this ORDER upon application to the Court and upon proof of any material violation of this ORDER. *Harcourt Brace Jovanovich Legal & Prof. Pub., Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994) (attorney's fees appropriately awarded for civil contempt).

No bond shall be required.

IT IS SO ORDERED.

Dated: January 8, 2018

_____
SENIOR DISTRICT JUDGE