Marcus N. DiBuduo #258684
Jared C. Marshall #272065
Caroline M. Lutz #274836
DOWLING AARON INCORPORATED
8080 North Palm Avenue, Third Floor
P.O. Box 28902
Fresno, California 93729-8902
Tel: (559) 432-4500
Fax: (559) 432-4590
mdibuduo@dowlingaaron.com
jmarshall@dowlingaaron.com
clutz@dowlingaaron.com

Attorneys for Plaintiff NORTHERN CENTRAL DISTRIBUTING, INC.



FILED

JUL 09 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CENTRAL DISTRIBUTING, INC., a California Corporation, dba YOSEMITE HOME DÉCOR;<br><br>Plaintiff,<br><br>v.<br><br>ROCKIE BOGENSCHUTZ, an individual; ROCKIE'S CONTAINERS, LLC, a California limited liability company, dba Y-DÉCOR and YOSEMITE DÉCOR, and DOES 1 through 50, inclusive.<br><br>Defendant. | Case No. 1:17-CV-01351-AWI-EPG<br><br>**CONSENT DECREE** |

By stipulation and order dated January 8, 2018, this Court entered a preliminary injunction against Defendants ROCKIE BOGENSCHUTZ, an individual, and ROCKIE'S CONTAINERS, LLC, a California limited liability company, dba Y-DÉCOR and YOSEMITE DÉCOR ("Defendants"). The January 8, 2018, preliminary injunction prohibited Defendants for undertaking certain acts likely to confuse, mislead, or deceive consumers, including continuing to use certain stock keeping units, model numbers, photos, or product identifiers that

are similar or identical to those used by Plaintiff NORTHERN CENTRAL DISTRIBUTING, INC., a California Corporation, dba YOSEMITE HOME DÉCOR ("Plaintiff").

On August 21, 2018, after full briefing and further supplemental briefing, this Court issued an order finding Defendants in contempt for violating the January 8, 2018, preliminary injunction and sanctioning Defendants $33,500.00 plus Plaintiff's reasonable attorney's fees and costs. On December 12, 2018, this Court ordered Defendants to pay to Plaintiff $12,866.24 in fees and $225.18 in costs.

On November 6, 2018, Plaintiff filed a motion for a second contempt order and argued that Defendants were still refusing to fully comply with the Court's January 8, 2018, preliminary injunction and had not rectified all of the contumacious acts identified in the Court's August 21, 2018, contempt order. Defendants filed an opposition to the motion on November 26, 2018. Plaintiff filed its reply on December 3, 2018. The motion was denied subject to additional briefing.

Plaintiff and Defendants now desire to resolve this entire action by stipulation and agreement and have indicated, through their counsel of record, their desire to have this Court enter the final judgment set forth below.

IT IS THEREFORE STIPULATED AND AGREED, by and between the parties, that this Court may and does ORDER, ADJUDGE, AND DECREE:

## I. JURISDICTION

This Court has original jurisdiction over Plaintiff's claims under the United States Copyright Act, 17 U.S.C. §§ 101, et seq., and the Lanham Act, 15 U.S.C. §§ 1051 et seq pursuant to 28 U.S.C. §§ 1121, 1331, and 1338(a). This Court has original jurisdiction over Plaintiff's unfair competition claim because it is substantial and related to Plaintiff's copyright and trademark claims pursuant to 28 U.S.C. §§ 1138(b). This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a) because they are so related to Plaintiff's copyright infringement and trademark claims that they form part of the same case or controversy under Article III of the United States Constitution.

## II. DEFINITIONS

A. Hereinafter "Defendants" shall refer collectively to ROCKIE BOGENSCHUTZ, an individual, and ROCKIE'S CONTAINERS, LLC, a California limited liability company, dba Y-DÉCOR and YOSEMITE DÉCOR, and their (i) successors, assigns, and licensees (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) directors, officers, managers, agents, and employees.

B. Hereinafter "Plaintiff" shall refer collectively to NORTHERN CENTRAL DISTRIBUTING, INC., a California Corporation, dba YOSEMITE HOME DÉCOR, and its (i) successors, assigns, and licensees (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) directors, officers, managers, agents, and employees.

C. Hereinafter "Person" shall mean any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office, or other business or legal entity, whether private or governmental.

## III. APPLICABILITY

A. Section IV, "Monetary Relief," shall apply jointly and severally to ROCKIE BOGENSCHUTZ, an individual, and ROCKIE'S CONTAINERS, LLC, a California limited liability company, dba Y-DÉCOR and YOSEMITE DÉCOR.

B. Section V, "Permanent Injunction," and all other sections of this Consent Decree shall apply to Defendants, as defined in Section II(a), and all other persons in active concert or participation with Defendant who shall have received actual notice of this Consent Decree by personal service or otherwise.

## IV. MONETARY RELIEF

Within thirty (30) days of the entry of this Consent Decree, ROCKIE BOGENSCHUTZ, an individual, or ROCKIE'S CONTAINERS, LLC, a California limited liability company, dba Y-DÉCOR and YOSEMITE DÉCOR shall pay to NORTHERN CENTRAL DISTRIBUTING, INC., a California Corporation, dba YOSEMITE HOME DÉCOR the sum of $20,000.00.

## V. PERMANENT INJUNCTION

A. <u>Prohibited Conduct.</u> Defendants and each of them, including their employees, agents, representatives, subsidiaries, affiliates, licensees, assignees, and any and all Persons acting in concert or participating with them are permanently enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, all of the following acts:

1. Using any stock keeping unit, model, or product identifier ("SKU") which is the same or similar to a SKU used by Plaintiff on or in connection with the same, similar or competitive residential or commercial fixture, furnishing or décor products ("Prohibited SKUs"). For the purpose of this provision, a SKU is "similar" if it has 3 or more consecutive numbers or letters that are the same as consecutive numbers or letters in a SKU being used by Plaintiff.

2. Reproducing, distributing copies of, preparing derivatives of, displaying, or aiding others in reproducing, distributing copies of, preparing derivatives of or displaying, in whole or in part, any image, photograph, drawing, artwork, catalog, product literature, product manuals, owner's manuals, installation guides, warranty guides, or any other works of authorship in which Plaintiff has valid and subsisting copyrights, and of which Defendants know or have reason to know were prepared by, with, or for the exclusive benefit of, Plaintiff, including but not limited to any material which is included Plaintiff's registrations with the U.S. Copyright Office (Nos VA0002074801, VA0002074820, VA0002074824, VA0002088070, or VA0002081934) (the "Prohibited Creative Works").

3. Using on or in connection with residential or commercial fixture, furnishing or décor products, the service of distributing the same, and any goods or services that are related to the foregoing, any of the following, alone or in combination with other words, devices, or symbols (collectively the "Prohibited Marks"):

   a. the word "Yosemite", including "Yosemite Décor" and "Yosemite Home Décor";

   b. the letter "Y" together with the word "décor", including "Y-Décor" and "Y Décor";

   c. any of Plaintiff's marks that have been registered or which Plaintiff has applied to register with the U.S. Patent and Trademark Office (including but not limited to Reg. Nos. 3273634, 4988794, 5380767, 5380768, 5380769, 5380770, 5401725, and 5473993); and

   d. any other designations that are confusingly similar thereto.

4. Using any of the Prohibited Marks as, or as part of, any business name, trade name, or in any manner whatsoever to identify Defendants, or Defendants' business, including but not limited to as corporate, company, or fictitious business names, or on business listings, employment advertisements, fictitious business name filings, invoices, receipts, shipping materials, product manuals, bills of lading, import records, or shipping containers; notwithstanding, use by Defendants for the period lasting six (6) months or 180 days from the date of the entry of this Consent Decree, whichever is longer, of "Y-Décor" as a business name, trade name, or an identification of Defendant or Defendants business, to the extent that such use is in a manner and extent

consistent with uses by Defendants prior to the date of this Consent Decree, shall not be prohibited by the terms of this Consent Decree.

5. Using any domain name or Uniform Resource Locator which consists of or comprises any of the Prohibited Marks, including but not limited to the domain name <y-décor.com>.

6. Using Prohibited SKUs, the Prohibited Creative Works, or the Prohibited Marks (collectively, the "Prohibited Material") in any manner that is likely to confuse, mislead, or deceive the consuming public into believing that Defendants or Defendants' business is the same as, affiliated with, or related to Plaintiff or Plaintiff's business, or that Defendants' products and services originate from, or are sponsored or approved by, Plaintiff or Plaintiff's business.

7. Using any of the Prohibited Material, in print or electronic from, and in connection with (i) the sale or advertising of home fixture, furnishing, or décor products or (ii) the performance or advertising of the service of distributing home fixture, furnishing, or décor products, on any (a) advertising or marketing material, (b) product literature, (c) product, owner's, installation, or instruction manuals or guides, (d) warranty instructions or guides, (e) product packaging, or (f) packaging materials.

8. Importing into, or distributing within, the United States any product having inserted into its packaging, or attached thereto, or in any other way distributed therewith, any of the Prohibited Material.

9. Stating or implying, orally or in writing, that Defendants' products are warranted by Plaintiff.

10. Stating or implying, orally or in writing, that Defendants' customers are to contact Plaintiff for warranty service or product return.

11. Stating or implying, orally or in writing, that Defendants or Defendants' business is affiliated with Plaintiff or Plaintiff's business.

12. Creating, using, or maintaining internet hyperlinks or "metadata" that is either misleading, or which includes any Prohibited Material, which could divert Plaintiff's customers away from Plaintiff's websites and electronic commerce storefronts to Defendants' websites and electronic commerce storefronts, or is likely to confuse, mislead, or deceive the consuming public into believing that Defendants' product is a product that originates from, or is sponsored or approved by, Plaintiff, or that Defendants or Defendants' business is the same as, affiliated with, or related to Plaintiff or Plaintiff's business.

13. Accessing, attempting to access or instructing or permitting others to access or attempt to access any electronic databases of Plaintiff whatsoever, including but not limited to Plaintiff's internal databases and Plaintiff's electronic commerce storefront accounts and portals.

14. Selling or offering to sell any products online, including but not limited to on any electronic commerce storefronts such as Amazon.com, overstock.com, homedepot.com, wayfair.com, jossandmain.com and walmart.com, which identify or imply the manufacturer of Defendants' products as Plaintiff.

15. Using any of the Prohibited Creative Work, including those created by or obtained by Defendants while a shareholder, owner,

director or employee of Plaintiff, or created or obtained by any agent of Defendants while an employee of Plaintiff.

16. Using any of Plaintiff's "romance," or unique descriptive copy, or portions thereof in connection with the sale or offering for sale of Defendants' products.

17. Initiating any contact with Plaintiff's Cebu office.

18. Posting any negative "fake" reviews of any of Plaintiff's product in any online forum.

B. <u>Mandatory Conduct.</u> Defendants and each of them, including their employees, agents, representatives, subsidiaries, affiliates, licensees, assignees, and any and all Persons acting in concert or participating with them, shall use best efforts and take all acts necessary to remove from third-party retail websites (including but not limited to Amazon.com, overstock.com, homedepot.com, wayfair.com, jossandmain.com, and walmart.com) any content previously submitted by Defendants to such third-parties that violates this Consent Decree, including but not limited to Prohibited SKUs, Prohibited Creative Work, and the Prohibited Marks.

    1. As part of the obligations imposed on Defendants by paragraph B, above, Defendants shall do or cause all of the following:

        i. Within seven (7) days of the entry of this Consent Decree, Defendants shall contact in writing all third-party retail sellers with whom Defendants have previously conducted business (including but not limited to Amazon.com, overstock.com, homedepot.com, wayfair.com, jossandmain.com and walmart.com) instructing said third-parties to remove all content previously submitted to them by Defendants that violates this Consent Decree, or confirm that they have previously done so, and provide a copy of such writings to Plaintiff;

  ii. Forward to counsel for Plaintiff all documents, including all correspondence and emails, or information received in response to the written communication described above within three (3) days of receipt;

  iii. Submit any information, sign any document, take any action, or otherwise comply with any request from any third-party retailer necessary to remove content from the third-party retailer's website that violates this Consent Decree.

2. Defendants shall take all acts necessary to recall or otherwise eliminate distribution of any of Defendants' products which contain Plaintiff's product manuals, owner's manuals, installation guides, or warranty guides, or any material attached to or included with Defendants' product that uses the Prohibited Material or are otherwise in violation of this Decree as of the date hereof.

3. Defendants will immediately disable and permanently refrain from using the domain name <y-décor.com> for any purpose whatsoever, including deleting all DNS records associated with the domain name <y-décor.com>.

4. Defendants shall provide a copy of this Consent Decree to its employees, agents, representatives, subsidiaries, affiliates, licensees, assignees, and any and all Persons acting in concert or participating with them.

## VI. ENFORCEMENT

A. <u>Arbitration.</u> Any controversy or claim arising out of or relating to enforcement of this Consent Decree, shall be settled by arbitration administered by the American Arbitration Association in accordance with the Expedited Procedures set forth in its Commercial Arbitration Rules irrespective of the amount in controversy. Judgment on the

award rendered by the arbitrator(s) may be entered in the United States District Court for the Eastern District of California or any other court of competent jurisdiction.

B. <u>Remedies.</u> In order to deter any further damage to Plaintiff's business, reputation and goodwill, the parties agree to the following measure of sanctions for violations of this Consent Decree, in addition to any other remedies or penalties the Court or appointed arbitrator(s) may deem just and proper:

1. $10,000.00 for each prospective violation of this Consent Decree by any Defendant or anyone acting in concert with any Defendant having actual notice of the permanent injunction contained hereinabove; however if more than one prospective violation is the subject of any single application for enforcement by Plaintiff, then $10,000.00 for the first prospective violation and $1,000.00 for each additional prospective violation. *Aradia Women's Health center v. Operation Rescue* (9th Cir. 1991) 929 F.2d 530, 532 [prospective sanctions proper]; *Institute of Cetacean Research v. Sea Shepherd Conservation Soc.* (9th Cir. 2014) 774 F.3d 935, 950 [party liable for contempt for encouraging or giving non-party means to violate injunction];

2. Payment of Plaintiff's reasonable attorney's fees and costs incurred in the enforcement of this Consent Decree upon application and upon proof of any material violation of this Consent Decree. Any award of attorney's fees and costs shall include reimbursement of any fees or costs paid to the American Arbitration Association or any appointed arbitrator(s). *Harcourt Brace Jovanovich Legal & Prof. Pub., Inc. v. Multistate Legal Studies, Inc.* (9th Cir. 1994) 26 F.3d 948, 953 [attorney's fees appropriately awarded for civil contempt].

3. For each prospective violation of this Consent Decree, the measure of sanctions set forth in this Section are intended to cover the time up to and including fourteen (14) calendar days following a finding by the appointed arbitrator(s) that Defendants have violated this Consent Decree. Thereafter, if any Defendant or any Person acting in concert with any Defendant maintains the same conduct which gave rise to the sanctions, and Plaintiff makes a subsequent application for enforcement, the measure of sanctions set forth in this Section shall be multiplied by three (3).

## VII. RETENTION OF JURISDICTION

This Court expressly retains jurisdiction to enable any party to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this judgment, to modify any of its provisions, or to enforce compliance by any means.

Dated: June 18, 2019

DOWLING AARON INCORPORATED

By: *[signature]*
Marcus N. DiBuduo
Jared C. Marshall
Caroline M. Lutz
Attorneys for Plaintiff NORTHERN CENTRAL DISTRIBUTING, INC.

Dated: June 14, 2019

MOTSCHIEDLER, MICHAELIDES, WISHON, BREWER & RYAN, LLP

By: *[signature]*
Russell K. Ryan
Attorneys for Defendants
ROCKIE BOGENSCHUTZ, ROCKIE'S CONTAINERS, LLC, dba Y-DÉCOR and YOSEMITE DÉCOR

IT IS SO ORDERED, ADJUDGED and DECREED

Dated: July 9, 2019

*[signature]*
UNITED STATES DISTRICT JUDGE

018130-000005-02552197-7